UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAUNDRA AGNEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV267 CDP |
| | ) | |
| MEGAN BRENNAN, Postmaster General, | ) | |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Saundra Agnew is a United States Postal Service employee. She brings this lawsuit against the Postal Service claiming that it discriminated against her in her employment by subjecting her to a hostile work environment on account of her race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. The Postal Service now moves to dismiss Agnew's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Agnew has not responded to the motion, and the time to do so has passed. I will grant the motion.

### **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, I assume the allegations in the complaint to be true and construe the complaint in plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555-56 (2007). I am not bound to accept as true, however, a legal conclusion couched as a factual allegation. *Id.* at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). More than labels and conclusions are required. *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Background[1]

Plaintiff Saundra Agnew is an African-American woman who works for the Postal Service at the National Distribution Center in Hazelwood, Missouri. Pam Meehan, a Caucasian woman, is the plant manager at the distribution center who Agnew claims subjected her to a hostile work environment on account of her race.

With respect to alleged discriminatory conduct directed toward her, Agnew claims as follows:

- An employee meeting was called in June 2016 for the purpose of

---

[1] The facts set out here are those alleged in the complaint, which I must assume are true for purposes of the motion to dismiss.

recognizing the good work of certain employees, but Meehan did not acknowledge Agnew as such an employee. Agnew claims that Meehan yelled at her and "got into [her] face" for talking while Meehan was talking, at which time Agnew left the meeting and returned to her work station. Meehan and another manager followed Agnew to her work station, and Meehan stated that she wanted to speak with her. Agnew requested that a union representative be present, but Meehan refused. Agnew avers that the denial of this request was because Meehan has a pattern of yelling at and berating African-American employees and did not want a union representative present while she engaged in this conduct. Agnew also avers that the presence of both Meehan and the other manager at her work station was intended to physically intimidate her, which caused Agnew to fear for her safety.

- On an unspecified date, an employee town hall meeting was held where employees were told that Meehan would answer questions put to her. Meehan answered questions posed by two white employees with no incident. When Agnew asked Meehan about supervisors making a "big deal" about employees requesting certain days off, Meehan yelled at her.

- On an unspecified date, Meehan requested Agnew to perform physical tasks that were outside her medical restrictions. Agnew avers that Meehan made

this request for the purpose of disrespecting her as an African-American.

Agnew also claims generally that Meehan gives hostile looks to African-American employees, refuses to speak to them, and ignores them. Agnew avers that this conduct causes African-American employees to be isolated from white employees. Agnew contends that Meehan's bullying and disrespect toward African-American employees has created a hostile work environment, which is perceived by Agnew to be abusive. Agnew claims that this environment causes her to feel humiliated and embarrassed and has caused emotional distress, loss of dignity, and sleeplessness. She seeks monetary damages.

**Discussion**

In its motion to dismiss, the Postal Service claims that Agnew's complaint fails to state a claim of discriminatory hostile work environment because the conduct of which Agnew complains is not actionable harassment and the facts fail to allege that the conduct affected a term, condition, or privilege of her employment. Agnew has not responded to the motion, and the time to do so has passed. For the following reasons, the Postal Service's arguments are well taken.

As an initial matter, I note that Agnew need not plead in her complaint facts establishing a prima facie case of employment discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512 (2002), *abrogated in part on other grounds by Twombly*, 550 U.S. at 570. However, the elements of a prima facie case are

relevant to a plausibility determination and are part of the background against which a plausibility determination should be made. *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016). *See also Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (elements of a prima facie case "may be used as a prism to shed light upon the plausibility of the claim"); *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

> [A] plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right [she] claims . . . , rather than facts that are merely consistent with such a right. While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests.

*Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (internal citations and quotation marks omitted). A civil rights complaint must contain facts that state a claim as a matter of law and must not be conclusory. *Id.*

To prove a claim for hostile work environment based on race, Agnew must establish that she: 1) is a member of a protected group; 2) was subject to unwelcome race-based harassment; 3) the harassment was because of membership in the protected group; and 4) the harassment affected a term, condition, or privilege of employment. *Malone v. Ameren UE*, 646 F.3d 512, 517 (8th Cir.

- 5 -

2011). This standard requires extreme conduct rather than merely rude or unpleasant conduct. *Rester v. Stephens Media, LLC*, 739 F.3d 1127, 1131 (8th Cir. 2014).

"Conduct of others in a workplace 'affects a term, condition, or privilege of employment' under Title VII only if it is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Malone*, 646 F.3d at 517 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). I must consider the alleged conduct "as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim." *Malone*, 646 F.3d at 517. "All of the circumstances are relevant, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris*, 510 U.S. at 23). "More than a few isolated incidents are required, and the alleged harassment must be so intimidating, offensive, or hostile that it poisoned the work environment." *Blomker*, 831 F.3d at 1057 (internal quotation marks and citation omitted). This is a demanding standard. *Id.*

The facts alleged by Agnew in her complaint are not sufficient to state a plausible race-based hostile work environment claim. Even if Meehan yelled at Agnew in front of others and was disrespectful toward Agnew because of her race,

Agnew has failed to allege any facts that plausibly show that these actions affected a term, condition, or privilege of her employment. *See Burkett v. Glickman*, 327 F.3d 658, 662 (8th Cir. 2003) ("Offhand comments and isolated incidents of offensive conduct (unless extremely serious) do not constitute a hostile work environment."). To the extent Agnew contends in her complaint that not having a union representative present while Meehan spoke to her in June 2016 affected a term, condition, or privilege of her employment, she has alleged no facts showing that this or any other circumstance altered her working conditions in any way. Bare legal conclusions do not state a claim. *See Iqbal,* 556 U.S. at 678. The same is true for Agnew's claim that Meehan requested her to perform work outside her medical restrictions. Agnew does not allege that Meehan *made* her perform such work or that this isolated request altered her working conditions. Further, the bare allegation that this request was made to show disrespect to her as an African-American is insufficient to show race-based animus. *See Rodgers v. Univ. of Missouri Bd. of Curators*, 56 F. Supp. 3d 1037, 1051 (E.D. Mo. 2014), *aff'd as modified sub nom. Rodgers v. Curators of Univ. of Missouri Sys.*, 634 F. App'x 598 (8th Cir. 2015).

Nor can the presence of two managers in Agnew's work station, with nothing more, be objectively viewed as physically threatening or so extreme as to create a hostile work environment. While Agnew may have subjectively viewed

this encounter as unpleasant, the face of the complaint shows that this was an isolated incident and not so severe or pervasive that it poisoned the work environment.

Finally, Agnew's allegations that hostile looks and being ignored are on account of racial animus toward African-Americans are too general and conclusory to state a claim and are insufficient to survive a Rule 12(b)(6) motion. *See Rodgers*, 56 F. Supp. 3d at 1051.

## Conclusion

Agnew's complaint fails to plead sufficient facts of race-based hostile work environment to raise a right to relief above the speculative level. Because the factual content of Agnew's complaint fails to permit a reasonable inference that the Postal Service subjected Agnew to a hostile work environment based on her race in violation of Title VII, the complaint fails to state a claim and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [3] is **GRANTED**.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2017.